FILED
CLERK, U.S. DISTRICT COURT

5/1/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00333-AB |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(iii): Accessing a Computer and Obtaining Information; 18 U.S.C. § 1030(a)(7), (c)(3)(A): Threatening to Damage a Protected Computer; 18 U.S.C. §§ 982 and 1030(i): Criminal Forfeiture] |
| RYAN MITCHELL KRAMER, aka "NullBulge," | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(iii)]

On or about May 14, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant RYAN MITCHELL KRAMER, also known as ("aka") "NullBulge," intentionally accessed a computer without authorization, and thereby obtained information the value of which exceeded $5,000, namely, non-public information, records, and communications belonging to the Walt Disney Company.

COUNT TWO

[18 U.S.C. § 1030(a)(7), (c)(3)(A)]

On or about July 8, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant RYAN MITCHELL KRAMER, also known as ("aka") "NullBulge," with intent to extort from a person, namely victim M.V., money and other things of value, transmitted in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization.

2

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982 and 1030]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1030, in the event of the defendant's conviction of the offenses set forth in Counts One and Two of this Information.

2.    If so convicted defendant shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses;

(b)   Any personal property used or intended to be used to commit the offenses; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i), if so convicted defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

KHALDOUN SHOBAKI
Assistant United States Attorney
Chief, Cyber and Intellectual
   Property Crimes Section

LAUREN RESTREPO
Assistant United States Attorney
Assistant United States Attorney
Deputy Chief, Cyber and
   Intellectual Property Crimes
   Section

MAXWELL COLL
Assistant United States Attorney
Cyber and Intellectual Property
   Crimes Section